UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TAISHA SEARS, et al                                          CIVIL ACTION

VERSUS                                                       NO. 09-45-SDD-RLB

LIVINGSTON MANAGEMENT INC.

ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

Before the Court is Plaintiffs' Motion for Leave (R. Doc. 46) to file a First Amended and Restated False Claims Act Complaint (R. Doc. 46-1), filed on December 30, 2012.  Defendant filed an Opposition (R. Doc. 47) to which Plaintiffs replied (R. Doc. 54).  For the reasons discussed below, Plaintiffs' Motion is **GRANTED**.

I.      PROCEDURAL BACKGROUND

Plaintiffs, Taisha Sears, Aldona Manuel and Neotha Gibson ("Plaintiffs"), filed their Complaint on January 23, 2009, on behalf of the United States of America, alleging violations of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733.  In their Complaint, Plaintiffs claim that Defendant, Livingston Management Inc. ("LMI" or "Defendant"), fraudulently submitted "Tenant Income Certifications and Tenant Verifications to the federal government[] . . . to wrongfully secure federal monies." (R. Doc. 1 at 2).  On November 22, 2011, the United States of America declined to intervene in the action. (R. Doc. 15).  Defendant then moved to dismiss Plaintiffs' claims (R. Doc. 18), which the Court denied (R. Doc. 36).  Two weeks later, on May 24, 2012, Defendant filed its Answer. (R. Doc. 37).  The parties submitted a Joint Discovery Plan to the Court on July 5, 2012 (R. Doc. 38) and their Status Report on September 27, 2012 (R. Doc. 42).  In the Status Report, the parties jointly proposed an agreed upon deadline for

amending the Complaint or adding new parties, claims, counterclaims or cross claims of December 30, 2012.  Based on the Status Report, the Court entered the current Scheduling Order on October 3, 2012. (R. Doc. 45).

Plaintiffs now move to amend their Complaint to add "additional defendants and claims and amend[] and restate[] their original False Claims Act Complaint." (R. Doc. 46 at 1).[1] Plaintiffs' Amended Complaint adds a claim for conspiracy and the following defendants: HLA Limited Partnership; Highland G.P., L.L.C.; HGA Limited Partnership; Holly Grove G.P., L.L.C.; RDA Limited Partnership; Ridgeview G.P., L.L.C.; TWA Limited Partnership; Tanglewood G.P., L.L.C.; WVA Limited Partnership; Westport Village G.P., L.L.C.; Doyle Whittington; Robert L. Whittington; and Ryan E. Whittington. (R. Doc. 46-1, ¶¶ 5-19, 105-109).

## II.    ARGUMENTS OF THE PARTIES

Defendant opposes the Amended Complaint and suggests that Plaintiffs have engaged in "grossly inappropriate tactics" by moving to amend almost three years after the original Complaint to add "thirteen parties, numerous additional allegations, and an additional cause of action." (R. Doc. 47 at 1-2).  Defendant asserts that "Plaintiffs have known about . . . or have had access to such information for more than four years" and should have amended sooner. (R. Doc. 47 at 1).  Defendant asks the Court to deny Plaintiffs' Motion because (1) "it is the result of undue delay, bad faith, and dilatory motive," (2) "it will unduly prejudice Defendant in this action," (3) "they have not adequately pled any causes of action against the partnerships they are seeking to add," (4) and "they failed to follow proper procedures." (R. Doc. 47 at 2).

In their Reply, Plaintiffs explain that, despite having filed their suit in January of 2009, Plaintiffs only recently obtained the information supporting their Amended Complaint. (R. Doc.

---

[1] Plaintiffs timely moved to amend within the deadline established by the Court's Scheduling Order—December 30, 2012. (R. Doc. 45 at 1).

48-2 at 2).  According to Plaintiffs, the United States began its investigation of Plaintiffs'

allegations in early 2011, but eventually chose not to intervene. (R. Doc. 48-2 at 2).  At the close

of the investigation, Plaintiffs attempted to obtain the information gathered by the government.

(R. Doc. 48-2 at 2).  Plaintiffs state that "it was not until last year that Plaintiffs finally received

some of the documents, but not all, and were able to review and analyze what they received." (R.

Doc. 48-2 at 2).  Plaintiffs argue that Defendant will not be prejudiced by the amendment

because, "[g]iven the Scheduling Order deadlines, discovery between the parties is in its

infancy." (R. Doc. 48-2 at 2).  Finally, Plaintiffs argue that they followed the proper procedures

because, as a matter of law, only complaints, not amended complaints, must be filed under seal

and served upon the government. (R. Doc. 48-2 at 9).

## III.   DISCUSSION

Amendments to pleadings are generally governed by Rule 15 of the Federal Rules of

Civil Procedure.  Under Rule 15, after the period for amending as a matter of course elapses, "a

party may amend its pleading only with the opposing party's written consent or the court's

leave" and a "court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

The rule "evinces a bias in favor of granting leave to amend."  *Martin's Herend Imports, Inc. v.

Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v.

Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)).  Although leave to amend should not

be automatically granted, "[a] district court must possess a substantial reason to deny a request

for leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)

(internal quotations omitted).

In determining whether to grant leave, the court may consider several factors, including

"undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment . . . ." *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Nonetheless, a decision to grant leave is within the sound discretion of the court, even if reasons to deny leave exist. *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985). Likewise, "if the district court lacks a substantial reason to deny leave, its discretion is not broad enough to permit denial." *Id.* (internal quotations omitted).

Defendant first argues that leave should be denied because Plaintiffs have demonstrated undue delay, bad faith and dilatory motive by their attempt to amend at the "eleventh hour." (R. Doc. 47). Defendant alleges that the nature of the amendments and the manner in which they have been raised "are nothing more than a transparent attempt to raise costs in this matter by adding unnecessary parties and duplicative allegations and claims." (R. Doc. 47 at 3).

In determining whether leave to amend should be denied based on undue delay, the Fifth Circuit has recognized that "[a]t some point in the course of litigation, an unjustified delay preceding a motion to amend goes beyond excusable neglect . . . ." *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022, 1025 (5th Cir. 1981) (motion made "on the eve of trial" after completion of discovery and an unexplained nineteen-month delay). The district court may also properly exercise its discretion to deny leave to amend by considering unexplained delays following an original complaint and whether the facts underlying the amended complaint were known to the party when the original complaint was filed. *In re Southmark Corp.*, 88 F.3d 311, 316 (5th Cir. 1996) (granting leave to amend 13 months after original complaint to add facts and claims known to plaintiff before commencing action "would serve only to reward [plaintiff] for its unreasonable delay").

4

In this case, Plaintiffs' delay in seeking leave to amend is not "unexplained." This False Claims Act case was filed by the Qui Tam Relators in 2009. Approximately 22 months later the United States chose not to intervene. (R. Doc. 14). There is nothing to indicate that Plaintiffs were somehow responsible for the length of time the Government needed to make its decision. Shortly thereafter, summons was issued (R. Doc. 17) and Rule 12 briefing commenced (R. Doc. 18). Upon denial of Defendant's Motion to Dismiss (R. Doc. 36), the parties timely provided a Joint Discovery Plan (R. Doc. 38) as well as a Status Report (R. Doc. 42) setting forth proposed deadlines for discovery, including an agreed upon deadline for amending the complaint approximately three months later. The Court adopted the deadlines requested by the parties. Plaintiffs sought leave to amend within that deadline.

In addition, Plaintiffs have represented to the Court that following the United States' decision, they attempted to obtain certain documents from the United States that were collected during its investigation. Those were not received until "late last year" and were then reviewed and analyzed in order to draft the Amended Complaint. (R. Doc. 48-2 at 2).

For these reasons, the Court does not find that Plaintiffs have demonstrated undue delay, bad faith or dilatory motive sufficient to deny their leave to amend the Complaint filed within the applicable deadlines that were agreed upon by the parties.

Defendant also alleges that it will suffer undue prejudice if the amended complaint is allowed due to "the expense and resources needed to defend against the additional allegations." (R. Doc. 47 at 7). Defendant explains that it has already spent significant resources since the filing of the Complaint and that it spent a substantial amount of time responding to Plaintiff's discovery requests. Other than these generic assertions (which would be true in virtually every case that involves an amended pleading with new causes of action), Defendant does not provide

5

anything specific regarding why the work previously accomplished would somehow be rendered ineffective or how the addition of new defendants would unduly prejudice this Defendant. Indeed, Defendant acknowledges that: "All of the allegations in the proposed Amended Complaint relate to Defendant or employees of Defendant." (R. Doc. 47 at 9).  As such, based on this representation, the investigation, discovery and preparation conducted thus far should likewise cover large portions of the new allegations.

The Court also recognizes that at the time of the filing of the Motion to Amend, there were 7 months remaining in discovery and trial was 20 months away.  The current trial date is still over a year away—August 11, 2014. (R. Doc. 45 at 2).  While the current deadlines may need to be adjusted to accommodate the additional parties, Defendant's ability to prepare for trial will not be prejudiced by allowing the Amended Complaint.

Finally, Defendant claims that the attempt to add the new "partnership defendants" would be futile and therefore leave to amend should be denied.[2]  Defendant alleges that the proposed Amended Complaint fails to make any allegations that would support a finding that any of the partnerships should be liable under the False Claims Act. (R. Doc. 47 at 9).

Denial of leave to amend on the basis of futility is "premised . . . on the court's evaluation of the amendment as insufficient to state a claim" upon which relief could be granted. *Shaw*, 772 F.2d at 1209 (5th Cir. 1985).  In other words, "the same standard of legal sufficiency as applies under Rule 12(b)(6)," applies to determining futility. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (internal quotations omitted); *see also* Fed. R. Civ. P. 12(b)(6) (defendant may move to dismiss for "failure to state a claim upon which relief can be granted"). A proposed complaint is legally insufficient "only if there is no set of facts that could be proven

---

[2] The "partnership defendants" collectively refers to HLA Limited Partnership, Highland G.P. L.L.C., HGA Limited Partnership, Holly Grove G.P. L.L.C., RDA Limited Partnership, Ridgeview G.P. L.L.C., TWA Limited Partnership, Tanglewood G.P. L.L.C., WVA Limited Partnership and Westport Village G.P. L.L.C.

consistent with the allegations in the complaint that would entitle the plaintiff to relief." *Power Entm't, Inc. v. Nat'l Football League Props., Inc.*, 151 F.3d 247, 249 (5th Cir. 1998).

The Court has already determined that Plaintiffs' original Complaint was sufficient to survive a Rule 12(b)(6) and Rule 9(b) challenge. (R. Doc. 36).  The first three counts in the proposed amended complaint add new defendants but the substance of the allegations is the same.  The original Complaint alleges that LMI engaged in fraudulent activity in its role as a "property management corporation that manages numerous multi-family housing complexes . . . that receive funding as part of the USDA's Rural Development Program." (R. Doc. 1 at 6).  The additional partnership defendants in the Amended Complaint are the owning entities or general partners of the owning entities of 5 of the apartment complexes managed by LMI.[3]

According to the Amended Complaint, the partnership defendants and LMI engaged in similar conduct to defraud the Government.  The Amended Complaint alleges that each of the partnership defendants applied for and received long-term loans from the Rural Development Program with federally subsidized interest rates to finance their acquisition and rehabilitation of their apartment complexes. (R. Doc. 46-1, ¶ 31).  It asserts that the partnership defendants, of which defendant Robert Whittington was an officer, applied for and received allocations of Low-Income Housing Tax Credits.  (R. Doc. 46-1, ¶ 31).  Robert Whittington is also identified as an officer or owner of defendant LMI.  (R. Doc. 46-1, ¶ 17).

Certain certifications were submitted by the partnership defendants in order to become eligible for these credits and in order to utilize them. (R. Doc. 46-1, ¶¶ 36-38).  Likewise, the amended complaint alleges that LMI, as the property manager of the apartment complexes, made certain false representations so that the partnership defendants could receive and continue to

---

[3] The amended complaint also adds three new individual defendants – Doyle Whittington, Robert Whittington and Ryan Whittington.  In its Opposition, Defendant does not explicitly allege that the Amended Complaint is futile as it relates to these individuals.

receive certain federal rental assistance. (R. Doc. 46-1, ¶¶ 55-75).  LMI is alleged to have an "identity of interest relationship" with the partnership defendants. (R. Doc. 46-1, ¶ 53).

The Amended Complaint further alleges that the partnership defendants, as the borrowers under the programs at issue, "retains the ultimate responsibility for housing project management and must ensure that operations comply" with the respective requirements. (R. Doc. 46-1, ¶ 47). It also claims that the partnership defendants are liable under a theory of respondent superior. (R. Doc. 46-1, ¶¶ 92, 98, 104).  Finally, the Amended Complaint alleges that there was a conspiracy between LMI and the partnership landowners to, among other things, knowingly present false claims to the United States in order to get false or fraudulent claims paid or approved.[4]

The Amended Complaint represents that the partnership defendants played a role in the same fraudulent conduct that Plaintiff accused LMI of in the original Complaint.  It alleges that LMI and the partnership defendants are co-conspirators in presenting false claims against the United States.  It alleges that the actions of at least one individual defendant, serving as an officer of the general partners of the defendant partnerships, knowingly presented or caused to be presented the false claims at issue.  As explained above, the decision to grant leave is within this Court's discretion.  The Court will not deny leave at this stage based on futility.

Defendant's final argument is that the Motion to Amend should be denied because Plaintiffs have failed to follow the procedures in 31 U.S.C. § 3730(b)(2).  Specifically, Defendant argues that a relator is required to serve a copy of its amended complaint on the Government and that amended complaints shall also be filed in camera and remain under seal for 60 days.  Plaintiffs argue that § 3730(b)(2) applies only to the original complaint, not an amended complaint.

---

[4] As noted above, the Amended Complaint also alleges that both LMI and the partnership defendants shared at least one common principal /owner.

Section 3730(b)(2) of the False Claims Act ("FCA") requires the complaint to be filed in camera and remain sealed for at least 60 days before service to allow "the Government an adequate opportunity to fully evaluate the . . . suit and determine both if that suit involves matters the Government is already investigating and whether it is in the Government's interest to intervene." S. Rep. No. 345, 99th Cong., 2d Sess. 24, *reprinted in* 1986 U.S.C.C.A.N. 5289. Defendant asks the Court to deny Plaintiffs' Motion, arguing that an "amend[ed] FCA complaint" should be dismissed where the relator does "not serve [the] government first or file [the amended complaint] under seal with the court," as required by 31 U.S.C. § 3730(b)(2). (R. Doc. 47 at 10).

Defendants offer *United States ex rel. Bain v. Ga. Gulf Corp.*, in support of their argument. (R. Doc. 47 at 10) (citing Opinion at 2, *United States ex rel. Bain v. Ga. Gulf Corp.*, No. 01-562 (M.D. La. June 23, 2005), ECF No. 71).  Plaintiffs disagree and argue that *Bain* "is distinguishable" because it involved the addition of an entirely new claim and that generally, only the original complaint, not amendments, must comply with 31 U.S.C. § 3730(b)(2). (R. Doc. 48-2 at 9).  Some courts have held that § 3730(b)(2) only applies to original complaints and not subsequent amendments.  *See, e.g., United States ex rel. Branch Consultants v. Allstate Ins. Co.*, 668 F.Supp.2d 780, 803 (E.D. La. 2009) ("plain language of § 3730(b)(2) refers only to 'the complaint,' not amended or subsequent complaints"); *U.S. ex rel. Milam v. Regents of Univ. of Cal.*, 912 F. Supp. 868, 890 (D. Md. 1995) (holding "neither the statute nor any relevant case law imposed upon her the duty to file any amendments to that complaint in camera and under seal."); *Wisz ex rel. U.S. v. C/HCA Dev., Inc.*, 31 F. Supp. 2d 1068, 1069 (N.D. Ill. 1998) (rejecting argument that relator had to comply with § 3730(b)(2) when amending his complaint to add additional defendants); *U.S. ex rel. Mikes v. Straus*, 931 F. Supp. 248, 259 (S.D.N.Y. 1996)

(refusing dismissal of amended complaint to add new claims because "where the government has not been deprived of any rights, and has asserted no objection to plaintiff's failure to comply with section 3730(b)(2)'s procedural requirements, defendants should not stand to benefit"); *but see United States ex rel. Davis v. Prince*, 766 F. Supp. 2d 679, 684 (E.D. Va. 2011) ("the term 'complaint' in § 3730(b)(2) encompasses original complaint and amended complaints, where the latter add new claims for relief or new and substantially different allegations of fraud.").

       In *Bain*, the court found that the direct FCA claim that the plaintiff sought to add was a "new claim" and that "the United States was never given an opportunity to consider the claim." *See* Opinion at 2, *United States ex rel. Bain v. Ga. Gulf Corp.*, No. 01-562 (M.D. La. June 23, 2005), ECF No. 71.  It appears that the basis for this finding was due to the fact that the factual and legal basis for the additional claim was completely different than the pre-existing reverse FCA claim alleged by the original complaint.  Unlike the relator in *Bain*, Plaintiffs' Amended Complaint alleges conduct directly related to the allegations already contained in the Complaint.  Although a significant number of defendants are being added, those defendants are the entities owning the apartment complexes at issue or a general partner of those entities.  These allegations have not changed and were already investigated by the Government.  In fact, Plaintiffs have explained that their Amended Complaint is based on the information obtained from the Government's own investigation.  The United States has had an opportunity to consider the claims proposed and thus the concerns in *Bain* are not applicable. *See United States ex rel. Davis*, 766 F. Supp. 2d at 684-85 (E.D. Va. 2011) (holding that § 3730(b)(2) covers amended complaints but that dismissal is inappropriate where the amended complaint is substantially similar to the original complaint).

Plaintiffs further argue that even if the requirements of § 3730(b)(2) did apply to an amended complaint, they are not jurisdictional and would not require dismissal of the complaint or a finding of futility. *United States ex rel. Branch Consultants*, 668 F. Supp. 2d at 803 (noting that numerous courts have held that requirements of § 3730 are not jurisdictional and neither requires dismissal nor deprives the court of jurisdiction); *Wisz ex rel. U.S.*, 31 F. Supp. 2d at 1069 ("the requirements of Section 3730(b)(2) are procedural, not jurisdictional."). *Bain* does not discuss whether § 3730(b)(2) is jurisdictional and requires dismissal when violated. The ultimate disposition in *Bain* – that the court did not have subject matter jurisdiction over the plaintiff's claim – was limited to its finding that the plaintiff had "failed to prove that he was an 'original source' and that he voluntarily provided this information to the government before he filed this amended complaint." Opinion at 2, *Bain*, No. 01-562 (M.D. La. June 23, 2005), ECF No. 71 (*citing* 31 U.S.C. § 3730 (e)(4)(A)).

For these reasons, the Court will not exercise its discretion in denying leave to file the Amended Complaint based on Plaintiffs' failure to submit it in accordance with § 3730(b)(2).

## IV.    CONCLUSION

Consistent with the liberal standard applicable to Rule 15, the Court will allow Plaintiffs to amend their Complaint as requested. For the reasons given above, **IT IS ORDERED** that Plaintiffs' Motion for Leave (R. Doc. 46) to file a First Amended and Restated False Claims Act Complaint is **GRANTED** and that Plaintiffs' Amended Complaint be filed in the record by the Clerk of Court.

Signed in Baton Rouge, Louisiana, on July 11, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**