UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SEARS, ET AL. | CIVIL ACTION |
| VERSUS | NUMBER 09-0045-SDD-RLB |
| LIVINGSTON MANAGEMENT, INC., ET AL. | |

## RULING

Before the Court is the Defendants', Livingston Management, Inc. et al. (hereinafter "Defendants"), *Motion to Dismiss Amended Complaint in Part*[1] for lack of subject matter jurisdiction. The motion is opposed[2]. For the reasons that follow, the Defendants' Motion is GRANTED.

This is a *Qui Tam* action under the False Claims Act[3] by Plaintiffs Aldona Manuel, Taisha Sears, and Neotha Gibson (hereinafter "Plaintiffs"). Plaintiffs allege that the Defendants falsified tenant files and tenant certifications for the purposes of obtaining low interest rural development program ("RDP") loans and low income housing tax credits (LIHTC's). Defendants applied for and received long term RDP loans, which provide federally subsidized interest rates, to finance their acquisition and rehabilitation of certain apartment complexes. Defendants also qualified for LIHTC's which were subsequently sold or syndicated to provide a revenue source for the Defendants' developments. Plaintiffs allege that the Defendants submitted falsified tenant certifications for purposes of obtaining RDP loans and LIHTC tax credits.

---

[1] Rec. Doc. 67. Defendant's Motion moves for dismissal for claims of allegedly improvident or fraudulent use of low income housing tax credits.
[2] Rec. Doc. 72.
[3] 31 U.S.C. §3729-3733.

Defendants move to dismiss the causes of action based on the LIHTC's on the grounds that the "Tax Bar" of the FCA precludes claims made under the Internal Revenue Code of 1986.[4]

In opposing the motion to dismiss, the Plaintiffs argue that the factual allegations in the Plaintiffs' *First Amended and Restated False Claims Act Complaint*[5] about the LIHTC program "demonstrate the far reaching effects of the Defendants' conduct in this case"[6]. Plaintiffs argue that their FCA claims should be dismissed "only where the Plaintiffs' claims depend <u>entirely</u> on an interpretation of the Tax Code."[7] The Plaintiffs cite no case law for this proposition. The Plaintiffs are correct that the Rural Development Program is not part of the Tax Code. However, to the extent that Plaintiffs seek to recover, *Qui Tam*, for allegedly ill-gotten tax credits under the LIHTC, this Court lacks jurisdiction.

The LIHTC is codified in Section 42 of the Tax Code[8]. Plaintiffs pray for Judgment "in an amount equal to three times the amount of damages the United States has sustained as a result of the Defendants' violations of the False Claims Act."[9]

As a matter of law, the LIHTC's are not subject to proceedings under the FCA because the LIHTC is a claim made under the Internal Revenue Code of 1986.[10]

Accordingly, the Plaintiffs' claims arising under the LIHTC program are dismissed with prejudice. The Plaintiffs' LIHTC claims fall within the category of claims precluded

---

[4] 31 U.S.C. 3729(d) provides that the FCA "does not apply to claims, records, or statements made under the Internal Revenue Code of 1986."
[5] Rec. Doc. 56.
[6] Rec. Doc. 72, p. 7.
[7] Rec. Doc. 72, p. 2.
[8] 26 U.S.C. § 42.
[9] Rec. Doc. 56.
[10] 31 U.S.C. 3729(d).

by the FCA's Tax Bar. Thus, all claims relating to the LIHTC Program are hereby dismissed with prejudice.

For the foregoing reasons, Defendants' *Motion to Dismiss Amended Complaint in Part* is GRANTED and Plaintiffs' claims arising under the LIHTC program are hereby dismissed with prejudice, reserving Plaintiff's claims arising out of the rural development program

Baton Rouge, Louisiana the 29 day of October, 2013.

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA